**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**NORTHERN DIVISION**

**CIVIL ACTION NO: 2:20-cv-00045**

| |
|---|
| **DANIEL FELIX & CHRISTINE HUTTEN**<br>**Plaintiffs,**<br><br>**vs.**<br><br>**OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, MICHAEL D. BLINSON, DAVID PIRRUNG, IAT INSURANCE GROUP, INC., and SERVICE INSURANCE COMPANY**<br>**Defendants.** |

# NOTICE OF REMOVAL

ATTENTION TO THE COURT – RELATED CASE: This new matter is a related case (closely) to the previously dismissed Civil Action No. 2:18-cv-00031-BO, *Daniel Felix and Christine Hutten v. US Attorney General, FEMA, NFIP, IAT Insurance Group, Occidental Fire and Casualty Company of North Carolina, President David Pirrung, and Service Insurance Company*.

NOW INTO COURT, through undersigned counsel, come the Defendants, Occidental Fire & Casualty Company of North Carolina, Michael D. Blinson, David Pirrung, IAT Insurance Group, Inc., and Service Insurance Company ("Defendants"), to remove this matter to this Honorable Court. Occidental and Service are Write-Your-Own ("WYO") Program carriers participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appearing

[1] 42 U.S.C. § 4001, *et seq.*

herein in their "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] and at the expense of the U.S. Treasury,[4] for the purpose of filing this Notice of Removal pursuant to 28 U.S.C. § 1446, and thereby removing this matter from state court in Dare County to the docket of this Honorable Court. Occidental and Service would respectfully show as follows:

1. On or about June 5, 2020 the Plaintiffs, Daniel Felix and Christine Hutten, filed a Civil Complaint in the Superior Court of Dare County, State of North Carolina, entitled "*Daniel Felix and Christine Hutten v. Occidental Fire & Casualty Company of North Carolina, Michael D. Blinson, David Pirrung, IAT Insurance Group, Inc., and Service Insurance Company*" bearing case number 20-CVS-240. Said suit was received by the IAT Insurance Group on June 15, 2020, pursuant to a Civil Summons from the Dare County court issued by M. Meekins on June 5. *See* Civil Summons, attached and made a part hereof of as **Exhibit 1**. As such, this Removal is timely filed.

2. For the reasons that follow, Occidental and Service hereby remove this case from state court to this Honorable U.S. District Court, based upon the grant of jurisdiction found at 42 U.S.C. § 4072 ("original exclusive" jurisdiction) and 28 U.S.C. §§ 1331, 1332, and 1337. As provided for in 28 U.S.C. § 1441(a), a Defendant may remove any civil action brought in a state court of which the courts of the United States have original jurisdiction to the United States District Court for the district and division embracing where such action is pending.

3. As this Honorable Court is aware, removal is premised upon the face of a Plaintiff's Complaint and concomitant exhibits made a part thereof. Therefore, Occidental and Service direct this Honorable Court's attention to the allegations set forth in the Plaintiff's Complaint,

[2] 44 C.FR. § 62.23(f).
[3] 44 C.F.R. § 62.23(f); 42 U.S.C. § 4071(a)(1); *Shuford v. Fidelity National Prop. Ins. Co.*, 508 F.3d 1337, 1339 (11th Cir. 2007).
[4] *Sanz v.U.S.Security Insurance Co.*, 328 F.3d. 1314, 1316 n.1 (11th Cir. 2003).

attached hereto and made a part hereof as **<u>Exhibit 2</u>** and exhibits thereto, which assert, among other things, a breach of the contract of insurance (under the Standard Flood Insurance Policy ("SFIP"), a Federal law found at 44 C.F.R. Part 61, Appendix A(1)), against Service, which insured the Plaintiffs' property on the date of loss, October 8, 2016 (¶ 5 of Complaint) and Occidental (¶ 7 of Complaint, "… filing this lawsuit for the full payment of flood damages to their home to include structure and contents").

*See also*, Service Insurance Company's Flood Policy Declarations Page, a part of the SFIP, attached hereto and made a part hereof as **<u>Exhibit 3</u>**, making clear that the policy at issue is the federally-written Dwelling Form SFIP, a component of the National Flood Insurance Program ("NFIP"). *See*, 42 U.S.C. § 4001, *et seq.* All actions relating to the denial of a claim under the SFIP are subject to "original exclusive jurisdiction" in the United States district court where the subject property is located, *i.e.*, this Honorable United States District Court. Amount in controversy does not matter. *See*, 42 U.S.C. § 4072.

## <u>REVIEW OF THE PLAINTIFFS' COMPLAINT</u>

4. In paragraph 5 of Plaintiffs' Complaint, Plaintiffs aver that Service Insurance personnel denied their ability to file a Proof of Loss for the contents in the home. Plaintiffs also aver that Service "denied most of Plaintiffs claim for damages …." Plaintiffs further aver that Service denied coverage for certain parts of their home. The foregoing allegations claim a breach of the Federally-written Standard Flood Insurance Policy ("SFIP"), which is codified Federal law found at 44 C.F.R. Part 61, App. A(1). As flood claims pursuant to a SFIP are paid with funds from the U.S. Treasury, based on the foregoing, the Plaintiff's Complaint directly states a claim for U.S. Treasury funds, thereby raising a Federal question. Article VII(R) of the SFIP states that any suit filed to recover money under the policy must be filed in the United

States District Court of which the insured property is located, making this Honorable Court the proper jurisdiction and venue for the captioned matter. Article VII(R) also states that suit must be filed within one year of any denial or partial denial of the claim; Plaintiffs are woefully deficient in this procedural prerequisite.

5. At paragraph 6 of Plaintiffs' Complaint, Plaintiffs assert that they are also asserting a fraud claim. While the Plaintiffs do not specify against whom they allege fraud, for purposes of this Removal, Defendants will assume it is against all of them solidarily. As to Service and Occidental, such a claim again invokes a claim for U.S. Treasury funds.

6. At paragraph 7 of Plaintiffs' Complaint, Plaintiffs allege that they are filing suit "for the full payment of flood damages to their home …." Plaintiffs also specify that they are suing Service, Occidental, and IAT Insurance Group (Service and Occidental's parent corporation) for fraud for "defrauding them out of their insurance claims." Once more, Plaintiffs raise allegations of breach of the SFIP contract and non-payment of Federal funds, which invokes the jurisdiction of this Honorable Court.

7. At paragraph 8 of Plaintiffs' Complaint, Plaintiffs allege on the face of their Complaint that on July 14, 2017, a Service Insurance employee issued a letter denying full coverage for the Plaintiffs' home and denying certain payments to the Plaintiffs. The foregoing allegation again raises a claim to recover additional funds under the SFIP.

8. The general tenor throughout the Plaintiffs' Complaint is that Service's claims handling practices were deficient, entitling the Plaintiffs to damages of the Plaintiffs' choosing, thereby raising a Federal question as to Service's Federally-mandated claims handling procedures. *See*, 44 C.F.R. § 62.23(i)(1), WYO Companies will adjust claim using FEMA's guidance and that all such adjustments are "binding upon the FIA." (Federal Insurance

Administration, a branch of FEMA). As such, the foregoing is another claim for Federal funds which implicates general Federal questions under 28 U.S.C. § 1331 and for payment from the SFIP, which implicates Federal jurisdiction pursuant to 42 U.S.C. § 4072.

**THE FEDERAL REGULATORY SCHEME**

9. Service, as a WYO carrier, is authorized by the Federal Emergency Management Agency ("FEMA"), pursuant to the *Arrangement*,[5] to issue Standard Flood Insurance Policies ("SFIP") on behalf of the Federal government. The SFIP is a codified federal law found at 44 C.F.R., Part 61, App. A(1). The SFIP is incorporated into the Code of Federal Regulations at 44 C.F.R. § 61.13(a).

10. Service cannot waive, alter or amend any of the provisions of the SFIP. *See,* 44 C.F.R. § 61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D).

11. All flood claim payments by a WYO carrier, such as Service or Occidental, under an SFIP are made out of segregated accounts within the U.S. Treasury, as required by the *Arrangement*, Art. III. Per the U.S. Eleventh Circuit, "[a] suit for benefits under the National Flood Insurance Program raises the same concerns. . . because benefits under the National Flood Insurance Program were paid from the Federal Treasury. *Shuford*, 508 F.3d at 1343. Further, the Eleventh Circuit noted that Standard Flood Insurance Policies are ". . . underwritten by the U.S. Treasury as part of the National Flood Insurance Program." *Id.* at 1339. The Third Circuit has recognized that "regardless whether FEMA or a WYO company issues a flood insurance policy, the United States treasury funds pay off the insureds' claims." *Van Holt v. Liberty Mutual Fire Ins. Co.*, 163 F.3d 161, 165 (3rd Cir. 1998). "Payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland v. Aetna*, 143 F.3d 951, 955 (5th Cir.1998), citing to *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987). The U.S. Eleventh Circuit analyzed what

[5] https://www.fema.gov/media-library/assets/documents/17972.

funds are at stake in the NFIP with regard to claims for interest in *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306 (11th Cir. 2001)(*on rehearing*). The court noted that "claim payments come out of FEMA's pocket regardless of how they are paid." *Id*. at 1311; *See also*, *Grissom v. Liberty Mutual Fire Insurance Co.*, 678 F.3d. 397, 399-400, 402 (5th Cir. 2012). Therefore, whether the SFIP is issued by a WYO carrier such as Service or Occidental or FEMA directly, the funds used to pay claims under the policy are monies coming out of the U.S. Treasury.

## THE STANDARD FLOOD INSURANCE POLICY

12. Plaintiffs allege that they were insured under a policy of flood insurance issued by Service. *See*, **Exhibit 3**, the Declarations Page to the Plaintiffs' policy for the date of loss, which makes clear the policy is a SFIP.

13. Article IX of the SFIP states:

> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, *et seq*.), and Federal common law.

44 C.F.R. Pt. 61, App. A(1), Art. IX. Therefore, federal law exclusively governs "all disputes" as to the SFIP placed at issue by Plaintiffs. *See also*, 42 U.S.C. § 4072 (the U.S. district court for the district in which the subject property is located shall have "original exclusive jurisdiction" to hear and determine the matter without regard to the amount in controversy).

14. Clearly, the payment that Plaintiffs seek from Service or Occidental would be a "direct charge on the public treasury," and would be "binding" upon the Federal government. *Gowland*, 143 F.3d at 955; *Arrangement*, Art. II(F); and *Shuford*, 508 F.3d at 1343 (11th Cir. 2007). As such, the sums Plaintiffs seek from the court must necessarily involve questions of Federal law. The laws of the State of North Carolina can play no role in the interpretation of the SFIP. *See also*, the Affidavit of former North Carolina Commissioner of Insurance Jim Long,

attached hereto and made a part hereof as **Exhibit 4**, who testified that the North Carolina Department of Insurance has no jurisdiction over an insurer issuing a SFIP and that Chapter 58 of the North Carolina General Statutes do not apply to such insurers, which would include Service and Occidental, and by extension, those company's employees, officers, and parent corporation.

**THE FEDERAL GOVERNMENT'S RULES AND THE WYO CARRIER'S ROLE**

15. As stated above, the WYO carrier, such as Service or Occidental, is authorized by FEMA pursuant to the *Arrangement* to issue SFIPs. Effective October 1, 2004, there was a revised *Arrangement* between FEMA and all WYO Program carriers, including Service and Occidental. In that revised *Arrangement*, FEMA further clarified its regulations to make clear that, in addition to disputes arising from claims and claims handling, the policy sales and administration are performed by the WYO carriers (a) in their fiduciary capacity to the government, (b) utilizing Federal funds, and (c) governed by extensive Federal Regulations.

16. Moreover, FEMA again stated its view that "any" such litigation states a Federal question. Each of these points is now clearly stated within the *Arrangement*, and in the following two paragraphs that became effective on October 1, 2004:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and
>
> Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question; and . . . .

(emphasis added) See the *Arrangement* at https://www.fema.gov/media-library/assets/documents/17972.

17. With the inception of the WYO Program in 1983, Congress amended 42 U.S.C. § 4072 to state that there will be "original exclusive" jurisdiction in Federal court for actions on SFIP claims. See Pub.L. 98-181, § 451(d)(5). Thus, from the beginning of the WYO Program, Congress intended for flood claim litigation under SFIPs to be only in a Federal forum.

18. Congress underwrites all operations of the NFIP through the U.S. Treasury.[6] This includes appropriations for both the adjustment of claims and the payment of those claims.[7] Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically FEMA.[8]

19. Service's and Occidental's roles as WYO carriers and as set forth in the *Arrangement*, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the Federal government. It is now clear that Service and Occidental, in their WYO capacity, are conducting all of these actions in a fiduciary capacity as the "fiscal agent" of the United States. 44 C.F.R. § 62.23(f) and 42 U.S.C. § 4071(a)(1). *See Shuford,* 508 F.3d 1343 and *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 598-99 (4th Cir. 2002), wherein the Fourth Circuit explained the relationship between the Federal government and the WYO Program carriers.

**EXCLUSIVE FEDERAL JURISDICTION UNDER 42 U.S.C. § 4072**

20. Defendants contend that the Plaintiffs' Complaint invokes 42 U.S.C. § 4072.

21. The U.S. Second Circuit conducted a very detailed analysis of whether § 4072 applies to WYO carriers. *Palmieri v. Audubon Ins. Co.*, 445 F.3d 179 (2nd Cir. 2006).[9] After studying how § 4072 fits within the NFIA, the Second Circuit joined the Third and Sixth Circuits in

---

[6] 42 U.S.C. § 4017(d)(1).
[7] 42 U.S.C. § 4017(d)(1).
[8] 42 U.S.C. §§ 4013, 4017, 4019.
[9] *Palmieri* was authored by then Second Circuit Judge Sonia Sotomayor. Judge Sotomayor is now an Associate Justice of the United States Supreme Court.

holding that § 4072 indeed applies to WYO carriers. *Id*.; *See also, Battle*, 288 F.3d at 598-600; *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F. 161, 166 (3rd Cir. 1998) and *Gibson v. American Bankers Ins. Co.*, 289 F.3d 943, 946-47 (6th Cir. 2002), respectively. Further, as recognized by the *Shuford* court, this Court ". . . is the exclusive forum for claims arising under the National Flood Insurance Act," relying upon Article VII(R) of the SFIP. *Shuford*, 508 F.3d 1341.

22. Therefore, Defendants contend that this Court has "original exclusive" jurisdiction over the claims at bar.

**FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331**

23. As a basis for removal wholly separate from jurisdiction pursuant to 42 U.S.C. § 4072, Defendants assert that Plaintiffs' lawsuit invokes Federal question jurisdiction. Based upon the facts pled by the Plaintiffs there are numerous Federal questions presented by the Complaint.

24. As stated above, the SFIP is itself a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1). Any interpretation of the SFIP is therefore an interpretation of Federal law. Further, any interpretation of Federal rules and regulations that exclusively govern the NFIP's SFIP would be the interpretation of Federal law and therefore present a Federal question.

25. Whether the Plaintiffs are owed any further proceeds under the SFIP, necessarily raises Federal questions regarding the disbursement of Federal funds.

26. As such, Defendants contend that this Court has original jurisdiction per 28 U.S.C. § 1331. *See Battle*, 288 F.3d at 607-609.

## FEDERAL JURISDICTION UNDER 28 U.S.C. § 1337

27. As an additional basis for Federal jurisdiction, Defendants contend that 28 U.S.C. § 1337 also applies to the case at bar. As this Court is aware, § 1337 grants "original jurisdiction of any civil action or proceeding under any Act of Congress regulating commerce, ...".

28. In *C.E.R. 1988, Inc. v. The Aetna Cas. and Surety Co.*, 386 F.3d 263, 267 (3rd Cir. 2004), the court in analyzing the structure of the NFIP under the National Flood Insurance Act of 1968, as amended, held:

> States have no regulatory control over the Program's operations. [FN3].
>
> FN3. The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq.*, grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance." 15 U.S.C. § 1012(b). In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct. 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "[t]he word 'relates' is highly general." *Id.* at 38, 116 S.Ct. 1103. <u>Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance</u>.

(emphasis added).

29. Therefore, original jurisdiction in this Court is conveyed the 28 U.S.C. § 1337.

## SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS

30. To the extent that any of the other claims of the Plaintiffs are not subject to Federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. § 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005).

31. Traditionally, Federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. See*, e.g.*, *Winkler v. State Farm Fire*, 266 F.Supp.2d 509, 513-14 (S.D.Miss. 2003) and *Jamal v. Travelers Lloyds of Texas Ins. Co.,* 97 F.Supp.2d 800 (S.D. Tex. 2000). Handling all claims arising in this dispute in one forum will serve the interest of judicial economy and fairness. *Winkler,* 266 F.Supp.2d at 514.

## PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

32. This Notice of Removal, which was filed on July 1, 2020, is timely filed. Defendants first received notice of Plaintiffs' Complaint on June 15, 2020, as detailed in paragraph 1, above, and **Exhibit 1**. Thus, the filing of this Notice of Removal is timely. (See state court documents, attached).

33. Venue for this removal is proper in the United States District Court for the Eastern District of North Carolina, pursuant to 28 U.S.C. § 1391, as the original suit is pending within the jurisdictional territory of this Court.

34. As per 28 U.S.C. § 1446(a), attached hereto as **Exhibit "5"** is a copy of the state court record.[10]

## CONCLUSION

WHEREFORE, Defendants, Occidental Fire & Casualty Company of North Carolina, Service Insurance Company, IAT Insurance Group, Inc., Michael D. Blinson, and David Pirrung, pray that this Notice of Removal will be deemed good and sufficient, and that this matter be removed from the Superior Court of Dare County, State of North Carolina, to the docket of this Honorable Court.

[10] Due to logistical problems encountered with various COVID related quarantines and other issues, the state court record could not be obtained prior to filing of this Removal. Counsel will supplement the record upon receipt of the entire record. However, the Complaint and Civil Summons are attached hereto as exhibits.

Dated: July 1, 2020.

Respectfully submitted,

*/s/ William R. DeJean*
WILLIAM R. DEJEAN, T.A.
NIELSEN & TREAS, L.L.C.
3838 N. Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
P: (504) 837-2500; F: (504) 832-9165
Email: wdejean@nt-lawfirm.com
LA. STATE BAR NO. 22762
*Counsel for Defendants, Service Insurance Company, IAT Insurance Group, Inc., Occidental Fire and Casualty Insurance Company of North Carolina, Michael D. Blinson, and David Pirrung*

and

*/s/ W. Gregory Merritt*
W. Gregory Merritt
HARRIS, CREECH, WARD & BLACKERBY, P.A.
325 Pollock Street
P.O. Drawer 1168
New Bern, NC 28563
P: (252)-638-6666; F: (252) 638-3542
Email: wgm@HarrisCreech.com
N.C. Bar No. 23333
*Local Rule 83.1(d) Counsel for Service Insurance Company, IAT Insurance Group, Inc., Occidental Fire and Casualty Insurance Company of North Carolina, Michael D. Blinson, and David Pirrung*

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of such filing to the following:

Daniel Felix
Christine Hutten
P. O. Box 544
Frisco, NC 27936-0544
*PRO SE*

I further certify that on July 1, 2020, I have served the foregoing document on the following non-CM/ECF participants by sending via U.S. Certified Mail, return receipt requested, addressed to:

Daniel Felix and
Christine Hutten
P. O. Box 544
Frisco, NC 27936-0544

*/s/ William R. DeJean*
William R. DeJean