IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:20-CV-45-FL

| | |
|---|---|
| DANIEL FELIX, and CHRISTINE HUTTEN, <br><br> Plaintiffs, <br><br> v. <br><br> OCCIDENTAL FIRE AND CASUALTY COMPANY OF NC; SERVICE INSURANCE COMPANY; IAT INSURANCE GROUP, INC.; DAVID PIRRUNG; and MICHAEL D. BLINSON, <br><br> Defendants. | ORDER |

This matter comes before the court on pro se plaintiffs' motion to remand for lack of subject matter jurisdiction (DE 13), defendants' partial motion to dismiss for failure to state a claim (DE 15), and defendants' motion to quash plaintiffs' jury demand (DE 18). The time for briefing the motions has expired, and in this posture the issues raised are ripe for ruling. For the reasons that follow, plaintiffs' motion to remand is denied, defendant's partial motion to dismiss is granted, and defendant Service's motion to quash plaintiffs' jury demand is granted.

### STATEMENT OF THE CASE

Plaintiffs, proceeding pro se, commenced this action against defendants in Dare County Superior Court on June 5, 2020, alleging they were "defrauded"[1] by not receiving payment under Dwelling Form Standard Flood Insurance Policy ("SFIP"), a contract written under the National

---

[1] The court construes plaintiffs' claim as a breach of contract claim.

Flood Insurance Program ("NFIP"), all in violation of the National Flood Insurance Act of 1968 ("NFIA"), as amended, 42 U.S.C. § 4001, et seq. Defendants removed the instant action to this court on July 2, 2020, invoking the court's subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1337, as well as the court's original exclusive jurisdiction under 42 U.S.C. § 4072. Plaintiffs filed their instant motion for remand on July 13, 2020. The next day, defendants filed their motion to dismiss all defendants except Service Insurance Company ("Service") from the case. Finally, on July 17, 2020, defendant Service filed its motion to quash plaintiffs' jury demand.

## STATEMENT OF FACTS

The facts alleged in the complaint may be summarized as follows. Beginning in 2007, plaintiffs purchased flood insurance for their home through the NFIP. (Compl. ¶ 1). At the time relevant to this litigation, plaintiffs purchased a renewed SFIP (#99040951972015) issued by defendant Service for the period from October 9, 2015, to October 9, 2016. (Id.; 2016 Service Policy Declarations (DE 1-3) at 8). Plaintiffs allege that their home was built above base flood elevation as established by FEMA. (Compl. ¶¶ 2–4; Elevation Certificate (DE 1-3) at 18; 2019 Farm Bureau Policy Declarations (DE 1-3) at 21, 22). On October 8, 2016, plaintiffs sustained flood damage to the first floor of their home from Hurricane Matthew. (Compl. ¶ 5).

On April 27, 2017, plaintiff submitted a claim to defendant Service for $62,389.51. (Id.). On July 14, 2017, defendant Service agreed to pay $21,284.33 for repair and replacement of the HVAC system and hot water equipment in the home. (Id.; Insurance Check (DE 1-3) at 27). However, defendant Service denied plaintiffs' claim for structural damage or contents, asserting that plaintiffs' home was not above the base flood elevation or it did not meet the standards of the policy requiring a raised floor built on a footer or slab. (Compl. ¶ 5; Denial of Claim (DE 1-3) at 14–16).

On August 31, 2017, plaintiffs appealed defendant Service's decision to the Federal Emergency Management Agency's ("FEMA") NFIP appeals division. (Id.). During the appeals process, the examiner stated that if plaintiffs could obtain a statement by a certified engineer that any portion of the house rested on a concrete footer and slab then the house's first floor would be covered under their insurance policy. (Id. ¶ 6). Plaintiffs obtained the requested statement and submitted it to FEMA, but FEMA ignored the engineer certified statement. (Id.).

While their appeal before FEMA was pending, plaintiffs commenced their first federal action against several of the same defendants, asserting allegations nearly identical to those in the instant case. See Felix v. United States Attorney Gen., No. 2:18-CV-31-BO, ECF No. 1 (E.D.N.C. July 10, 2018). On June 11, 2019, the court granted defendant Service's motion to compel ordering that plaintiffs allow defendant Service's engineer to enter their property and inspect their home on conditions set forth by the court not later than June 25, 2019. Felix, 2019 WL 2480067, at *4. For failure to comply with the court's discovery order, plaintiffs were sanctioned and their claims against defendants were dismissed with prejudice. Felix, 2019 WL 4962579, at *2. The United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. Felix v. Serv. Ins. Co., 806 F. App'x 230 (4th Cir. 2020) (per curiam).

By letter dated February 7, 2020, plaintiffs returned the expired "fraudulent" check for $21,284.33 and sent an invoice of $57,294.25 to defendant Service. (Compl. ¶ 8; Letter to Scott Lapine (DE 1-3) at 11–13). Several months later, on May 5, 2020, plaintiffs sent defendant David Pirrung and FEMA director Peter Gaynor, alleging defendant Service "tried to defraud [p]laintiffs out of the full range of the commitments of the policy" and threatening further litigation over nonpayment under their SFIP. (Compl. ¶ 8; Letter to David Pirrung (DE 1-3) at 9–10).

## COURT'S DISCUSSION

A.   Plaintiff's Motion to Remand (DE 13)

In any case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." Id. "If federal jurisdiction is doubtful, a remand is necessary." Id.; see Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008) (recognizing the court's "duty to construe removal jurisdiction strictly and resolve doubts in favor of remand").

Federal law generally, provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Where claims are brought concerning flood insurance policies under the NFIP,

> the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, <u>may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.</u>

42 U.S.C. § 4072 (emphasis added). Here, there is no doubt that the court has subject matter jurisdiction over the instant action, where plaintiffs are alleging that their claim under their SFIP was unlawfully disallowed in part. (See Compl. ¶¶ 1, 5–6; 2016 Service Policy Declarations (DE 1-3) at 8; Denial of Claim (DE 1-3) at 14–16; Insurance Check (DE 1-3) at 27).

4

Plaintiff's argue that this court "ha[s] no jurisdiction" over "claims relating to NC State criminal and civil law." (Mot. to Remand (DE 13) at 1–2). Specifically, plaintiffs argue that they raise a claim for "fraud" and "lack of payment for services" under state law, despite their concession that the issue in this case is that defendants have an obligation that has "still not been paid." (Pl. Mem. (DE 14) at 2, 4, 5). However, "National Flood Insurance Policies, claims under those Policies, and disputes relating to the handling of claims under those Policies are highly regulated and subject exclusively to federal law." Woodson v. Allstate Ins. Co., 855 F.3d 628, 632 (4th Cir. 2017) (emphasis added). Not only does this case raise a federal question because it involves the alleged mishandling of plaintiffs' insurance claim under a SFIP, see Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 607–08 (4th Cir. 2002), but plaintiffs' theory that they may assert a fraud claim under North Carolina law is expressly preempted.[2] See U.S. Const. Art. VI cl. 2; 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(1), Article IX (emphasis added).

Plaintiffs also argue that this court "forfeited" jurisdiction because it dismissed their claims with prejudice in their first federal action. Plaintiffs' argument is meritless, where subject matter jurisdiction is conferred on this court by 42 U.S.C. § 4072 and 28 U.S.C. § 1331. In sum, defendants removed the instant case to the only forum in which plaintiffs' claims may be heard — this court. Plaintiffs' motion for remand to state court is denied.

B.  Defendants' Motion to Dismiss (DE 15)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

---

[2]  Even if plaintiffs' state law fraud claim was not expressly preempted, the federal questions raised by this case would enable the court to exercise supplemental jurisdiction over plaintiffs' purported state law claim, owing to "a common nucleus of operative fact" with the federal claims arising under the SFIP. 28 U.S.C. § 1367(a); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court "may consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Sec'y of State For Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (internal citations omitted). The court also "may properly take judicial notice of matters of public record." Id.

The court addresses separately plaintiffs' allegations at to each defendant. Turning first to defendant Pirrung, plaintiffs sent him a letter on May 5, 2020, alleging that "you have defrauded us out of our Hurricane Matthew flood damages claim." (Compl. ¶ 8; Letter to David Pirrung (DE 1-3) at 9–10). The complaint does not plausibly state a claim against defendant Pirrung. Where plaintiffs' claims have already been dismissed with prejudice by this court once before, and plaintiffs' complaint is utterly devoid of any facts plausibly connecting defendant Pirrung to the disputed transactions and occurrences, allowance of further amendment would be futile. Accordingly, plaintiffs' claims against defendant Pirrung are dismissed with prejudice.

As to defendant Michael Blinson, plaintiffs similarly allege no facts in the complaint from which the court can plausibly infer a claim against him. Indeed, defendant Blinson is not even

6

mentioned in the body of the complaint at all. Accordingly, plaintiffs' claims against defendant Blinson are dismissed with prejudice.

Finally, the court turns to defendants Occidental Fire and Casualty Company of North Carolina ("Occidental") and IAT Insurance Group, Inc. ("IAT"). A plaintiff cannot sue a defendant for recovery on a SFIP where the parties are not in contractual privity. See Battle, 288 F.3d at 603. The disputed SFIP was written by defendant Service and produced by TLC Insurance Company. (2016 Service Policy Declarations (DE 1-3) at 8; see Compl. ¶ 1). By plaintiff's own allegations, "[t]heir insurance agents" were TLC Insurance. (Compl. ¶ 1). Plaintiffs submitted a claim to defendant Service, and that claim was disallowed in part by defendant Service. (Id. ¶ 5; Denial of Claim (DE 1-3) at 14–16). In sum, the court is left to speculate that defendants Occidental and IAT somehow "defrauded" plaintiffs' of services required to be performed under a contract to which neither defendant was party.[3] (See id. ¶¶ 8–9 (alleging plaintiffs were "sold a fraudulent flood policy by the Service Insurance Company"); 2016 Service Policy Declarations (DE 1-3) at 8). Plaintiffs have had ample opportunity over the course of two separate lawsuits to assert their claims against defendants Occidental and IAT and have failed to produce facts from which the court can plausibly infer liability. Any further amendment would be futile, and plaintiffs' claims against defendants Occidental and IAT are dismissed with prejudice.

C.  Defendant Service's Motion to Quash Jury Demand (DE 18)

"When a jury trial has been demanded . . . [t]he trial on all issues so demanded must be by jury unless: . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). "It has long been settled that the

---

[3]  Even if the court were to construe plaintiffs' breach of contract claim as one for fraud, plaintiffs would fail to state a claim because they have not stated with particularity the circumstances of the fraud as to defendants Occidental and IAT. Fed. R. Civ. P. 9(b); see Strum v. Exxon Co., U.S.A., a Div. of Exxon Corp., 15 F.3d 327, 331 (4th Cir. 1994).

7

Seventh Amendment right to trial by jury does not apply in actions against the Federal Government" absent an express statutory grant of a jury trial right by Congress. Lehman v. Nakshian, 453 U.S. 156, 160–61 (1981). In defending against plaintiffs' claims under the NFIP, a write-your-own ("WYO") insurer such as defendant Service acts as the "fiscal agent[] of the United States." 42 U.S.C. § 4071(a)(1); see id. § 4017(d); Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 166–67 (3d Cir. 1998). Therefore, the funds in issue are those of the United States, and plaintiffs are not entitled to demand a jury trial because Congress has not provided for one. Gunter v. Farmers Ins. Co., 736 F.3d 768, 773 (8th Cir. 2013); Grissom v. Liberty Mut. Fire Ins. Co., 678 F.3d 397, 401–02 (5th Cir. 2012); Newton v. Capital Assurance Corp., 245 F.3d 1306, 1312 (11th Cir. 2001); Sandia Oil Co. v. Beckton, 889 F.2d 258, 262 (10th Cir. 1989) (per curiam); Davis v. Nationwide Mut. Fire Ins. Co., 783 F. Supp. 2d 825, 840 (E.D. Va. 2011); see 42 U.S.C. § 4072. Defendant Service's motion to quash plaintiffs' jury demand is granted.

## CONCLUSION

Based on the foregoing, plaintiffs' motion to remand to Dare County Superior Court (DE 13) is DENIED. Defendants' partial motion to dismiss for failure to state a claim (DE 15) is GRANTED. Plaintiffs' claims against defendants Pirrung, Blinson, Occidental, and IAT are DISMISSED WITH PREJUDICE. Defendants' motion to quash plaintiffs' jury demand (DE 18) is GRANTED. The court's initial order on planning and scheduling will follow.

SO ORDERED, this the 28th day of August, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge