IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:20-CV-45-FL

| | |
|---|---|
| DANIEL FELIX and CHRISTINE HUTTEN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| SERVICE INSURANCE COMPANY,[1] | ) ) |
| Defendant. | ) |

ORDER

This matter comes before the court on plaintiffs' second motion for summary judgment (DE 31), plaintiffs' motion to join additional parties (DE 32), and plaintiffs' motion to compel discovery (DE 33). The motions have been briefed fully, and the issues raised are ripe for ruling. For the reasons that follow, plaintiffs' motions are denied.

## STATEMENT OF THE CASE

Plaintiffs, proceeding pro se, commenced this action in Dare County Superior Court on June 5, 2020, asserting they were defrauded by defendant and former-defendant insurance companies and associated individuals by not receiving payment under Dwelling Form Standard

---

[1] The court constructively amends its case caption to reflect dismissal of former defendants Occidental Fire and Casualty Company of NC, IAT Insurance Group, Inc., David Pirrung, and Michael D. Blinson (collectively "former defendants") where the court dismissed the only claims asserted against them on August 28, 2020, leaving defendant Service Insurance Company as the only remaining defendant in the case (hereinafter, unless otherwise specified, "defendant").

Flood Insurance Policy ("SFIP"), a contract written under the National Flood Insurance Program ("NFIP"), all in violation of the National Flood Insurance Act of 1968 ("NFIA").[2]

Defendant and former defendants removed the instant action to this court on July 2, 2020, invoking the court's subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1337, as well as the court's original exclusive jurisdiction under 42 U.S.C. § 4072. On August 28, 2020, the court dismissed all defendants except Service Insurance Company, quashed plaintiffs' jury demand, and denied plaintiff's motion for remand.[3]

On September 8, 2020, plaintiffs filed motion for summary judgment, which the court denied in scheduling order entered October 9, 2020, on account of procedural and substantive deficiencies. Ten days later, plaintiffs filed the instant motions, which consist of: 1) renewed motion for summary judgment and request for hearing, which the court construes as a motion for reconsideration of its denial of plaintiffs' first motion for summary judgment, 2) motion for joinder

---

[2] The court previously has construed plaintiffs' claim as a breach of contract claim. See (Order (DE 25) 5); see, e.g., Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 608 (4th Cir. 2002); see also Studio Frames Ltd. v. Standard Fire Ins. Co., 369 F.3d 376, 380 (4th Cir. 2004) (finding insured's breach of contract claim under Standard Flood Insurance Policy ("SFIP") cognizable and the basis for federal subject matter jurisdiction); Woodson v. Allstate Ins. Co., 855 F.3d 628, 633 (4th Cir. 2017) (allowing insured's suit for money owed under SFIP as breach of contract claim).

[3] Plaintiffs continue to challenge the court's subject matter jurisdiction over their claim despite the court's August 8, 2020 denial of their motion for remand. Plaintiffs contend that the court cannot maintain jurisdiction because the alleged fraud that defendant and others have committed purportedly causes them to forfeit "federal preemption protections." (Pls.' Mot. Summ. J. (DE 27) 3, 7; Pls.' Resp. (DE 40) 5). Plaintiffs' description of federal preemption as a "protection" that may be lost and divest the court of jurisdiction misunderstands the nature of federal preemption and the nature of the court's subject matter jurisdiction. Federal preemption is not a shield granted to certain defendants to use to protect themselves from suit in the state courts, but rather the natural conclusion of Congress's constitutional authority to legislate and the Constitution's Supremacy Clause. See Arizona v. United States, 567 U.S. 387, 399 (2012) ("The Supremacy Clause provides a clear rule that federal law 'shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any state to the Contrary notwithstanding.' Under this principle, Congress has the power to preempt state law." (quoting U.S. Const. art. VI, cl. 2.)). Neither congressional preemption of plaintiffs' extracontractual state law claims nor the court's jurisdiction under are forfeited based on plaintiffs' allegations that defendant did not follow the SFIP.

Further, plaintiffs are incorrect in stating that the court has jurisdiction to order criminal investigations or to allow them to prosecute criminal charges against defendant. See generally 28 U.S.C. § 547 (describing the duty and authority of the United States Attorney's office to prosecute criminal offenses).

of additional parties, for judgment, and for clarification; and 3) motion to compel discovery. Plaintiffs also filed a document with 50 interrogatories in support of their motion. Defendant responded in opposition to the second motion for summary judgment and to the motion for joinder, for judgment, and for clarification. Plaintiffs' replies also have been logged into the record.

## STATEMENT OF FACTS

The court sets out the following facts alleged in the complaint as background for the instant motions. The court will address other evidence and undisputed facts in the analysis for each motion as relevant.

Beginning in 2007, plaintiffs purchased flood insurance for their home through the NFIP. (Compl. ¶ 1; Def.'s Opp'n Second Mot. Summ. J. Ex. 2, (DE 37-2)). At the time relevant to this litigation, plaintiffs purchased a renewed SFIP issued by defendant, a then write-your-own ("WYO") carrier providing flood insurance as it was contracted to do by the Federal Emergency Management Agency ("FEMA"), for the period from October 9, 2015, to October 9, 2016. (Compl. ¶¶ 2-4; Def.'s Opp'n Second Mot. Summ. J. (DE 29) 1). It is contested whether plaintiffs' home is an elevated building or a non-elevated building. (Compare Def.'s Opp'n Mot. Summ. J. (DE 29) 2, with Pls.' Mot. Summ. J. (DE 27) 2). Regardless, plaintiffs sustained flood damage to the first floor of their home from Hurricane Matthew. (Compl. ¶ 5). They submitted a claim under their policy with defendant. (Compl. ¶ 5). Defendant paid a portion of plaintiffs' claim for damages based on its interpretation of the SFIP, detailed in a letter dated July 14, 2017, that only part of the damage could be covered under the policy's limits on coverage for property stored below the lowest elevated floor in an elevated building. (See id.; Letter to Daniel Felix (DE 1-3) 14).

3

In August of 2017, plaintiffs filed an appeal of the denial of their claim to FEMA's Federal Insurance Administrator. (Compl. ¶ 5). Plaintiffs were not able to secure a favorable decision from FEMA, (id. ¶ 6), and thereafter filed suit in the Eastern District of North Carolina United States District Court against a number of defendants for breach of contract to recover the $62,389.51 in asserted flood damages, which was eventually dismissed with prejudice for failure to comply with the court's discovery order. See Felix v. U.S. Att'y General, No. 2:18-CV-31-BO (E.D.N.C. Oct. 7, 2019).

Thereafter, plaintiffs sent a number of letters to defendant, its employees, and, in one instance, the Administrator of FEMA, dated February 7, 2020 and May 5, 2020, seeking compensation for flood damage not compensated by defendant's original loss settlement check. When this was not paid, plaintiffs filed the instant suit seeking $57,294.45 for items listed in the July 14 letter that denied total coverage of their claim and seeking $15,000 for structural damages and $15,000 in property damages that would have allegedly been covered if their home was considered non-elevated, as well as appropriate damages for fraud.

## COURT'S DISCUSSION

A.  Second Motion for Summary Judgment[4]

Denials of summary judgment "are 'by their terms interlocutory.'" Ortiz v. Jordan, 562 U.S. 180, 188 (2011) (quoting Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 744 (1976)). "[A] district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc.,

---

[4] Plaintiffs' initial motion for summary judgment was, in effect, one for partial summary judgment, seeking judgment only on the issue of coverage of items detailed in defendant's July 14, 2017 letter and preserving the issue of coverage of damage to their first floor that was purportedly denied because defendant classified plaintiffs' home as elevated. (Pls.' Mot. Summ. J. (DE 27) 2). Therefore, in considering plaintiffs' implicit motion for reconsideration, the court considers only the issue of items covered by SFIP Articles III.A.8 and III.B.3 as referenced by the July 14, 2017 letter.

4

326 F.3d 505, 514-15 (4th Cir. 2003); see also Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). "Said power is committed to the discretion of the district court, and doctrines such as law of the case . . . have evolved as a means of guiding that discretion." Murphy Farms, 326 F.3d at 515 (internal citations omitted). According to the law of the case doctrine, an earlier decision by the court "must be followed unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. (quotations omitted); Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017). "A prior decision does not qualify for this third exception by being just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009) (quotations omitted).

The undisputed facts, viewed in the light most favorable to defendant, the non-movant,[5] as relevant to the instant motion may be summarized as follows.

On April 27, 2017, plaintiff submitted a claim to defendant with a signed Proof of Loss totaling $62,389.51 and Replacement Cost Proof of Loss totaling $44,172.62. (Letter to Daniel Felix (DE 1-3) 14; Def.'s Opp'n Mot. Summ. J. (DE 29) 2). Defendant accepted $19,117.88 of the Proof of Loss and $2,166.45 of the Replacement Cost Proof of Loss. (Letter to Daniel Felix (DE 1-3) 14; Def,'s Opp'n Mot. Summ J. (DE 29) 2). Accordingly, defendant paid plaintiffs

---

[5] In reviewing a motion for reconsideration of the disposition of a motion for summary judgment, the court applies the same standard of review in considering the material facts bearing upon the motion. See, e.g., Moore v. Elite Metal Performance LLC, 728 F. App'x 191, 194 (4th Cir. 2018) (applying same factual review standard in considering both an appeal of the grant of summary judgment and denial of motion for reconsideration of that grant).

5

$21,284.33, which represented defendant's assessment of the evidenced damage to the 18 types of items covered under SFIP Articles III.A.8 and III.B.3 ($20,367.88) along with recoverable depreciation ($2,166.45) less plaintiffs' deductible ($1,250). (Letter to Daniel Felix (DE 1-3) 14; Def's Opp'n Second Mot. Summ. J. (DE 37) 8)); see also 44 C.F.R. pt. 61, App. A(1) (enumerating the Dwelling Form SFIP). The letter denying coverage also stated that the adjuster had advised defendant that plaintiffs' "content inventory list" had not been received and that defendant would therefore close plaintiffs' claim based on the adjuster's final report, which estimated $22,834.13 in replacement cost value and $20,525.51 actual cost value after sales tax and less plaintiffs' deductible (meaning that plaintiffs' deductible was seemingly double-counted when deducted again in the July 14 letter) along with estimating $2,308.62 in recoverable depreciation. (Letter to Daniel Felix (DE 1-3) 14; Adjuster Estimate (DE 1-3) 17).

SFIP Article III.A.8 describes coverage for "[i]tems of [building] property in a building enclosure below the lowest elevated floor of an elevated post-FIRM building located in Zone[] . . . AE" and Article III.B.3 describes coverage for items of personal property in the same type of building enclosure "if installed in their functioning locations and . . . connected to a power source." 44 C.F.R. pt. 61, app. A(1) art. III(A)(8), art. III(B)(3); (Letter to Daniel Felix (DE 1-3) 14; Def's Opp'n Second Mot. Summ. J. (DE 37) 8)). Defendant rejected $43,271.63 of the Proof of Loss and $42,006.17 of the Replacement Cost Proof of Loss, at least in part, because it deemed some of the items described in the proof of loss as not covered because they were located below the lowest elevated floor of a post-FIRM elevated building. (Letter to Daniel Felix (DE 1-3) 14).

After October 7, 2019, dismissal of their prior case in federal court, plaintiffs sent a letter, dated February 7, 2020, to defendant demanding $57,294.25, the combination of the $21,284.33

6

originally offered and $34,759.92 based on their estimates[6] for the cost to repair and replace items they believed were listed as covered in defendant's July 14, 2017 letter denying full coverage but that were not included in that initially determined amount.[7]   (Letter to Scott Lapine (DE 1-3) 11-13).

On these facts, the court found that plaintiffs had not substantively shown that there was not a genuine dispute to any material fact and that they had not shown they were entitled to judgment as a matter of law, as well as finding that they had failed to comply with the procedural requirements for a motion for summary judgment under Local Civil Rules 7.1 and 56.1. (Order (DE 30) 1).

Here, considering plaintiffs' motion for reconsideration, there has been no subsequent trial nor do plaintiffs cite any controlling authority[8] that has since made a contrary decision of law

---

[6]    The amount is only substantiated in the record by plaintiffs' own estimates as contained in the February 7 letter. The record does not contain any additional evidence of these costs nor plaintiffs' initial Proof of Loss or Replacement Cost Proof of Loss referenced in defendant's July 14, 2017 letter.

[7]    Plaintiffs allege that the original payment only covered damage to the central air conditioners, cisterns, fuel tanks, furnaces and hot water heaters, heat pumps, pumps and tanks used in solar energy, sump pumps, and well water tanks and pumps. (See Pls.' Second Mot. Summ. J. (31) 2-3). Plaintiffs allege that the additional payment is needed to compensate for clean-up, additional repairs to the HVAC system, additional repairs to the front steps, replacing a washer, a dryer, and a refrigerator, and sheetrock and insulation replacement, (Letter to Scott Lapine (DE 1-3, at 12-13), which they argue should be covered by SFIP Article III.A.8's coverage of drywall, electrical junction and circuit breaker boxes, electrical outlets and switches, nonflammable insulation, stairways, water softeners, filters, and faucets installed as an integral part of the plumbing system, required utility connections, footing, foundations, posts, etc., required to support a building, and clean up as well as SFIP Article III.B.3's coverage of personal property including AC units, clothes washers and dryers, and food freezers. (Pls.' Second Mot. Summ. J. (31) 2-3); see also 44 C.F.R. pt. 61, app. A(2), art. III(A)(8), art. III(B)(3).

[8]    Plaintiffs argue that the court discriminates "against them as uneducated poor pro se plaintiffs" in requiring plaintiffs to submit a memorandum of law, as required by Local Civil Rule 7.1(e), because they do not have "access to legal cases." (Pls.' Second Mot. Summ. J (DE 31) 5). Pro se plaintiffs, just as any other party, are still required to adhere to the Federal Rules of Civil Procedure, the Local Civil Rules, and the orders of this court. See McNeil v. United States, 508 U.S. 106, 113 (1993). Moreover, a number of organizations and entities host free legal resources. See, e.g., Free Online Legal Research Options Robust and Growing, A.B.A., (June 2018), https://www.americanbar.org/news/abanews/publications/youraba/2018/june-2018/free-online-legal-research-options-robust-and-growing/ [https://perma.cc/8WPS-P772]. Further, plaintiffs claim of inability to access legal cases is undercut by their claim that "ALL THE CASE LAW pertaining to preemptive federal protection verses [sic] state jurisdiction only state cases where the WYO adhered to the SFIP." (Pls. Resp. (DE 40) 7-8).

7

applicable to the issue. Instead, plaintiffs argue "that no facts can refute these facts already present in the record of the prior lawsuit and this lawsuit." (Pls.' Second Mot. Summ. J (DE 31) 5) (capitalization omitted). Plaintiffs contend, for example, that their February 7, 2020 letter to defendant estimating their repair costs, (Letter to Scott Lapine (DE 1-3) 12), demonstrates undisputed repair costs, where defendant's July 14, 2017 letter stated that those types of items were covered.

However, defendant specifically disputed that plaintiffs properly provided evidence that the repair of those items cost the amount plaintiffs estimate, which is based on plaintiff Felix's occupational knowledge as a contractor and his role in the alleged repairs. Defendant contends plaintiffs have "not submitted sufficient evidence of $57,294.25 in repair costs to their home as a result of the flood loss." (Def.'s Opp'n Mot. Summ. J. (DE 29) 2). Defendant argues that although SFIP claimants may submit supplemental claims, (see Def.'s Opp'n Second Mot. Summ. J. (DE 36) 4; Pls.' Second Mot. Summ. J. (DE 31) 3), they must submit a detailed request with documentation that fully supports their position, (Def.'s Opp'n Second Mot. Summ. J. (DE 36) 4), which defendant claims has not been submitted. The court also notes that plaintiffs' initial signed proof of loss forms or supporting documentation did not, and still do not, appear in the record for consideration of plaintiffs' motions. See, e.g., Webster v. Rumsfeld, 156 F. App'x 571, 576 (4th Cir. 2005) ("As a general rule . . . summary judgment is not appropriate prior to the completion of discovery."); M.A.B. v. Mason, 960 F.3d 1112, 1114 (8th Cir. 2020) ("[G]iven the incomplete record, genuine issues of material fact prevent[] granting summary judgment.").

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether

8

there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion."). Under this standard, there is a genuine issue of material fact as to whether plaintiffs properly submitted sufficient evidence of their damages to defendant. 44 C.F.R. pt. 61, app. A(1), art. VII(J) (requiring "detailed repair estimates" to "justify" the amount of loss); Sun Ray Vill. Owners Ass'n v. Old Dominion Ins. Co., 546 F. Supp. 2d 1283, 1291 (N.D. Fla. 2008) (explaining that although insureds do not need to "submit every bill, receipt, and related document, . . . unless requested to do so by the insurer[,] . . . [a]n insured must submit enough support to allow the insurer to evaluate the merits of the claim"); see also Aylward v. FEMA, 781 F. Supp. 2d 272, 277 (W.D.N.C. 2011) ("By failing to submit a second [proof of loss] for any additional amounts above what they were already compensated for, the plaintiffs failed to comply with the terms of the SFIP . . . ." (citing Sun Ray, 546 F. Supp. 2d 1283)).

It is not the court's role to determine the truth of the matter or weigh plaintiffs' evidence against defendant's evidence at this procedural stage. Plaintiffs very well may be able to show after more discovery that they submitted sufficient evidence to defendant in their initial proof of loss and as part of their later February letter, but, under Rule 56's non-movant friendly standard, the court did not and does not find that plaintiffs have shown they are entitled to judgment as a matter of law. Accordingly, plaintiffs have not reached the high standard of showing the court's denial of their motion for summary judgment was clearly erroneous. Therefore, plaintiffs' motion for reconsideration is denied.

Plaintiffs' zeal to recover the damages they see as rightfully theirs and as unjustly withheld is understandable. However, this does not countenance plaintiffs' claims that the court is "corrupt," "ignorant," fraudulent, or partaking in an obstruction of justice in not granting them the relief they seek. (Pls.' Mot. Summ. J. (DE 27) passim; (Pls.' Resp. (DE 40) 3, 4, 6, 11). Such claims find basis neither in fact nor in law and plaintiffs are admonished to restrict further briefing and motions to the merits of their legal claim under the appropriate procedural standard for the relevant stage of the proceedings, rather than engage in ad hominin attacks on opposing counsel or attacking the court's integrity. See Theriault v. Silber, 579 F.2d 302, 303 (5th Cir. 1978) ("Neither the modern view of civil pleading nor the liberal pro se practice of this court has done away with the time honored notion that the law and the courts of the United States are important parts of American society worthy of respect . . . . Our [liberal] pro se practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge."); Pierce v. Pierce, No. 1:12CV743, 2014 WL 198326, at *1 (M.D.N.C. Jan. 14, 2014) ("What unfortunately may pass as debate in public discourse is not acceptable in a court of law . . . criticisms of adverse rulings, especially in court filings [must be] articulated in a professional manner and [must not] devolve into opprobrious, personal attacks." (quotation omitted)).

Defendant, too, is admonished for unwarranted and unhelpful insinuations relating to plaintiffs' alleged time of isolation amongst "their menagerie of feral cats" during the COVID-19 pandemic as resulting in "wild theories." (Def.'s Opp'n Second Mot. Summ. J. (DE 37) 2-3). While counsel may be frustrated with plaintiffs' conduct during this litigation, such reactions demean the practice of law and the level of decorum that the court expects from its officers. Counsel may, and must, zealously advocate for their client by contesting the opposing party's legal and factual arguments without attacking the opposing party personally.

B.  Motion for Joinder[9]

In the instant motion, plaintiffs seek to join three parties: 1) the Federal Emergency Management Agency ("FEMA"), 2) the "National Flood Insurance Agency,"[10] and, 3) the United States. (Pls.' Mot. Joinder (DE 32) 1).

"[A] court determining whether to grant a motion to amend to join additional [parties] must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)." Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 618 (4th Cir. 2001); Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007); see also 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1474, Westlaw (database updated Oct. 2020) (indicating that "the same basic standard for adding or dropping a party will apply whether the pleader moves under Rule 15(a) or Rule 21").

Rule 20 provides that

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense, or delay." Aleman, 485 F.3d at 218 n.5 (alteration in original) (quotation omitted). "The transaction or occurrence test of the rule would permit all reasonably related claims

---

[9] The court considers those portions of the instant motion requesting judgment and clarification of key issues as resolved by the court's analysis of plaintiffs' motion for reconsideration, addressed in the prior section of this order. The portions of plaintiffs' motions that seek resolution of the sharply contested issue of whether plaintiffs' home is an elevated building or a non-elevated building are not properly considered in this posture given that plaintiffs' original motion for summary judgment explicitly did not seek resolution of that issue.

[10] Presumably this is a reference to the NFIP, given that a "National Flood Insurance Agency" relevant to the instant matter does not exist.

for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983) (quotation omitted).

Rule 15 allows a party to "amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Beyond that, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Id. 15(b). Although the court "should freely give leave [to amend] when justice so requires," it may deny a motion for leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986). A proposed amendment is futile when it "is clearly insufficient or frivolous on its face." Id. at 510. "A proposed amendment is also futile if the claim it presents would not survive a motion to dismiss." Save Our Sound OBX, Inc. v. N.C. Dep't of Transp., 914 F.3d 213, 228 (4th Cir. 2019).

In sum, the prejudice, bad faith, futility, and dilatoriness standards for evaluating a motion to amend and a motion for joinder are underlaid by the same motivating goals and legal principles. See Patch v. Clarke, 873 F.2d 1440 (4th Cir. 1989) (affirming, alternatively under Rule 15 and Rule 19, district court's ruling that joinder was futile).

The instant motion for joinder was filed October 19, 2020, more than 21 days after service of defendant's 12(b) motion on July 14, 2020, meaning that, under Rule 15(b), the complaint may only be amended to add these parties upon leave of the court. Under Rules 15 and 20, the court exercises its discretion and denies joinder of the three proposed defendants as futile, considering each in turn as follows.

a. FEMA

"[U]pon the disallowance by the Administrator [of FEMA] of any" flood insurance claim or "upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator." 42 U.S.C. § 4072. The regulations promulgated by FEMA under the National Flood Insurance Act are broader, stating that

> [u]pon the disallowance by the Federal Insurance Administration, a participating Write–Your–Own Company, or the servicing agent of any claim on grounds other than failure to file a proof of loss, . . . the claimant within one year after the date of mailing by the Federal Insurance Administration, the participating Write–Your–Own Company, or the servicing agent of the notice of disallowance or partial disallowance of the claim may, pursuant to 42 U.S.C. [§] 4072, institute an action on such claim against the insurer only in the U.S. District Court.

44 C.F.R. § 62.22.

In as far as plaintiffs seek to join FEMA or FEMA Administrator Peter T. Gaynor, under 42 U.S.C. § 4072, a number of courts have held that neither FEMA nor the FEMA Administrator is a proper defendant where a participating Write-Your-Own company provided the flood insurance policy and denied the related claim See Foster v. FEMA, 128 F. Supp. 3d 717, 724 (E.D.N.Y. 2015) (collecting cases); Armstrong v. Nielsen, No. CV 17-00553-BAJ-EWD, 2018 WL 4925723, at *3 (M.D. La. Oct. 10, 2018) (same); Bruno v. Paulison, No. CIV. RDB 08-0494, 2009 WL 377300, at *5-6 (D. Md. Feb. 12, 2009) (same).[11] Under the NFIP, either FEMA can

---

[11] The United States Court of Appeals for the Fourth Circuit has declined to answer whether, as a matter of jurisdiction, a suit against a WYO carrier constitutes an action instituted against the Administrator of FEMA pursuant to § 4072. See Studio Frames Ltd., 369 F.3d at 380. But see also Ekhlassi v. Nat'l Lloyds Ins. Co., 926 F.3d 130, 136 (5th Cir. 2019) (applying § 4072 to actions against WYO carriers and noting a number of other circuits that have done the same). However, that is a related but different question than whether FEMA or its Administrator may be sued on the basis of a denial of a claim by a WYO carrier on a policy provided by that carrier; a question which implicates sovereign immunity concerns. Bruno v. Paulison, No. CIV. RDB 08-0494, 2009 WL 377300, at *5 (D. Md. Feb. 12, 2009) (explaining that the "limited waiver of sovereign immunity where FEMA issues a Standard Flood Insurance Policy ('SFIP') and denies claims under that policy . . . does not extend to suits involving the actions of

serve as the insurer of a flood insurance policy or a WYO company can, as the United States' fiscal agent, issue flood insurance policies, in the form of the SFIP. Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 599 (4th Cir. 2002) (citing 44 C.F.R. § 62.23); Moffett v. Computer Scis. Corp., 457 F. Supp. 2d 571, 573 (D. Md. 2006); see also 44 C.F.R. § 61.13 ("Standard Flood Insurance Policies issued by WYO Companies may be executed by the issuing WYO Company as Insurer, in the place and stead of the Federal Insurance Administrator."). However, under either arrangement, "claim payments on such policies are a direct charge on the United States Treasury." Battle, 288 F.3d at 600.

The proposition that FEMA is not a proper party when a WYO company issues the relevant flood insurance policy and denies a related claim is in accord with the regulations promulgated under the statute. For example, the regulation authorizing WYO companies states that "a WYO Company issuing flood insurance coverage shall arrange for the adjustment, settlement, payment and defense of all claims arising from policies of flood insurance it issues under the NFIP." 44 C.F.R. § 62.23(d) (emphasis added). Further, that same section further states that "WYO Companies are solely responsible for their obligations to their insured under any flood insurance policies issued under agreements entered into with the Federal Insurance Administrator, such that the Federal Government is not a proper party defendant in any lawsuit arising out of such policies." Id. § 62.23(g) (emphasis added)); see also id. .23(i)(6) ("[T]he responsibility for defending claims will be upon the Write Your Own Company . . . .").[12]

---

WYO companies in issuing, adjusting, or disallowing claims").

[12]     The only type of claim plaintiffs could bring against FEMA is one stemming from the SFIP because the court has already determined that, based on plaintiffs' alleged facts, the only type of claim available is a federal law breach of contract claim. (See Order (DE 25) 5). This is because, generally, "state-law claims against write-your-own insurance providers [and FEMA] are preempted by federal law," see Woodson, 855 F.3d at 637; Studio Frames Ltd., 369 F.3d at 380, and the National Flood Insurance Act does not create a cause of action for extracontractual claims. See 42 U.S.C. § 4072; Wright v. Allstate Ins. Co., 500 F.3d 390, 394 (5th Cir. 2007); see also C.E.R. 1998, Inc. v. Aetna Cas. & Sur. Co., 386 F.3d 263, 271 (3rd Cir. 2004) (holding that claimants alleging breach of contract under a

14

In sum, plaintiffs have not shown that FEMA or its Administrator would be proper defendants under the relevant law. Accordingly, under either Rule 20 or Rule 15, the proposed joinder or amendment to add parties is frivolous as it would not survive a motion to dismiss since plaintiffs' claims against those parties would fail to state a claim upon which relief could be granted.

        b.      NFIP

The NFIP is a federal program administered by FEMA, 42 U.S.C. § 4011, which has participating private insurance companies that provide flood insurance coverage, id. § 4071. Reference is made to fraud on the part of a purported National Flood Insurance Program Appeals Division in denying and not reviewing plaintiffs' appeal of defendant's alleged denial of flood insurance coverage as well as denial of due process by said Appeals Division. (Mot. Joinder (DE 32) 2-3). This is assumedly a reference to FEMA's appeals process for claims under the SFIP, see 44 C.F.R. § 62.20, which is not a separate legal entity from FEMA.

In sum, any claim against a National Flood Insurance Agency or its Appeals Division is rightly treated as a claim against FEMA, which for the reasons stated above is not a proper defendant in this action. Accordingly, plaintiffs' motion on these grounds is denied.

        c.      The United States

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied."

---

SFIP are limited to "resolving their disputes by means of the remedies FEMA provides" and noting that decision "is consistent with the decisions of other courts"). Accordingly, Plaintiffs' arguments are inapposite to this analysis in as far as they allege fraudulent activity on the part of FEMA, (see, e.g., Mot. Joinder (DE 32) 4), because plaintiffs' claim under the SFIP is restricted to breach of contract rather than extracontractual theories.

Lane v. Pena, 518 U.S. 187, 192 (1996). "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." Id.

Plaintiffs provide no facts upon which the United States could be added as a party, and, further, sovereign immunity would bar their SFIP claim against the United States because § 4072 only permits suit against the Administrator of FEMA based on his or her denial of a flood insurance claim, which cannot be said to be an unequivocal expression of the United States' waiver of sovereign immunity outside of FEMA itself. See 42 U.S.C. 4072; see also In re Estate of Lee, 812 F.2d 253, 256 (5th Cir. 1987) (recognizing that 42 U.S.C. § 4072 contains "a limited waiver of sovereign immunity that permits a claimant to sue the Director of FEMA in federal district court" (emphasis added)); cf. Kennedy v. U.S. Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998) (dismissing a federal agency as a defendant where the Federal Torts Claims Act's narrow waiver of sovereign immunity by the United States meant that "the United States is the only proper party defendant in an FTCA action" and further explaining that "[a] claim against [a federal agency] in its own name is not a claim against the United States").

Plaintiffs' argument that because defendant is a "fiscal agent" of the United States that the United States itself is a proper party is inapposite as FEMA regulations make clear that WYO companies "shall act as a fiscal agent of the Federal Government, but not as its general agent," which, construed strictly, is not an unequivocal waiver of the United States' sovereign immunity. See 44 CFR § 62.23(g); cf. Mun. Ass'n of S.C. v. USAA Gen. Indem. Co., 709 F.3d 276, 285 (4th Cir. 2013) ("WYO Companies 'stand in the Government's shoes' when they administer the NFIP."). Where the United States' sovereign immunity would cause plaintiffs' claim against it to fail under Federal Rule of Civil Procedure 12(b), the motion to join the United States is denied as frivolous.

In sum plaintiffs' motion to join these three additional defendants fails to meet the relevant legal standard and is therefore denied as to each potential party.

C.  Motion to Compel[13]

As an initial matter, plaintiffs have not indicated whether they have made a request for discovery nor have they indicated what request they made that defendant failed to answer, prior to filing their motion to compel a discovery response. See Fed. R. Civ. P. 37(a)(3)(B). As such, the motion is premature. In any event, plaintiffs have not followed the procedures laid out in the court's October 9, 2020 case management order concerning discovery disputes, which requires that motions to compel be filed "after good faith effort between the parties to resolve issues," (Order (DE 30) 8); an effort of which there is no indication in the plaintiffs' filing. See Fed. R. Civ. P. 37(a)(1) ("[A] party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). Accordingly, the court denies plaintiffs' motion to compel without prejudice.

Finally, the court will note that the parties need not, and in fact should not, file discovery request or materials with the court. See Local Civil Rule 26.1 ("Discovery materials, including but not limited to . . . interrogatories . . . are not to be filed unless by order of the court . . . . All such papers must be served on other counsel.").

## CONCLUSION

Based on the foregoing, the court DENIES plaintiffs' motion for reconsideration and for joinder. In addition, the court DENIES plaintiffs' motion to compel without prejudice. The court

---

[13]  The court again notes that "[a]s a general rule . . . summary judgment is not appropriate prior to the completion of discovery." Webster, 156 F. App'x at 576.

dispenses with hearing because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

SO ORDERED, this the 8th day of December, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge