**United States District Court**
**Eastern District of North Carolina**
Office of the Clerk
Post Office Box 25670
Raleigh, North Carolina 27611

Phone: (919) 645-1700
Fax: (919) 645-1750

Peter A. Moore, Jr.
Clerk of Court

July 16, 2021

**Daniel Felix**
P O Box 544
Frisco, NC 27936-0544

**Christine Hutten**
P O Box 544
Frisco, NC 27936-0544

RE: Felix et al v. Service Insurance Company
2:20-cv-45-FL
**Notice to Pro Se Party of Right to Respond to Motion for Summary Judgment filed 7/16/2021—Docket Entry # 48**

Dear Mr. Felix and Ms. Hutten:

***This letter provides important information about your case***.

The defendant filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The defendant believes that there is no genuine dispute as to any material fact on one or all of the claims and filed a brief or memorandum of law to show that they are entitled to judgment as a matter of law. If the court grants summary judgment as to each claim presented, the case will end without a trial.

You have the right to file a response to the motion for summary judgment. Under Local Civil Rule 7.1(f)(1), your response must be made within 21 days after service of the motion. **Your response in opposition to the motion for summary judgment must be filed on or before 8/9/2021**. You must provide a copy of your complete response to all parties in this case. **If you fail to respond to the motion, the court may grant the motion and enter summary judgment against you.**

Your response must comply with Rule 56 of the Federal Rules of Civil Procedure, and unless the court has ordered otherwise, Local Civil Rules 7.2 and 56.1. In summary, you cannot

rely only on the complaint or other pleadings to defeat a motion for summary judgment, if the defendant meets its burden under Rule 56. Instead, you must respond to the motion with affidavits (written statements signed before a notary public and under oath), declarations (written statements bearing a certificate that the statement is signed under penalty of perjury), deposition transcripts, discovery responses, sworn statements (bearing a certificate that the statement is signed under penalty of perjury), or other evidence in such a manner so as to persuade the court that a genuine issue of material fact remains to be determined, and that the case should proceed to trial or evidentiary hearing. Unless the court has ordered otherwise, your response **MUST** include the three documents listed below:

### 1. Memorandum of Law in Opposition to Motion for Summary Judgment

You **MUST** file a separate answering memorandum of law, Local Civil Rule 7.2, which may not exceed 30 pages in length without prior approval of the court.

### 2. Opposing Statement of Facts

The defendant has filed a statement listing, in numbered paragraphs, the material facts they believe are not in dispute. Under Local Civil Rule 56.1(a)(2), you **MUST** file a separate statement with numbered paragraphs responding to each paragraph in the defendants' statement of facts. Note that if you fail to respond to any numbered paragraph in the defendants' statement of facts, the facts in that paragraph will be deemed to be admitted.

If you disagree with any fact offered by the defendant, you need to explain how and why you disagree. You also **MUST** cite to specific materials that support your version of the facts. Please be aware that Local Civil Rule 56.1 requires attorneys and *pro se* parties to cite to the specific page and paragraph or line numbers of the materials cited when referring to evidence.

If you choose, you may also list additional numbered paragraphs identifying other facts you believe are in dispute and require a trial to decide. Your additional paragraphs also must cite to the page and paragraph or line numbers of the materials cited.

### 3. Appendix

You **MUST** file an appendix that contains all the evidence you cite in your opposing statement of facts. You must title this appendix "Plaintiff's Appendix to Local Civil Rule 56.1 Statement of Material Facts."

A copy of Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1 is included at the end of this letter. You should read these rules carefully and follow their instructions completely. I also encourage you to review the Federal Rules of Civil Procedure and the Eastern District of North Carolina's Local Rules of Practice and Procedure to find other requirements you should follow in preparing your response. These rules are posted on the court's website at http://www.nced.uscourts.gov and are also available at the Clerk's Office.

Very truly yours,
Peter A. Moore, Jr., Clerk of Court

/s/ Sandra K. Collins
By: Sandra K. Collins
Civil Case Manager/Deputy Clerk

cc: Counsel of record (electronic notice)

## Rule 56. Summary Judgment

**(a)** **Motion for Summary Judgment or Partial Summary Judgment**. A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b)** **Time to File a Motion**. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c)** **Procedures**.

(1) ***Supporting Factual Positions***. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) ***Objection That a Fact Is Not Supported by Admissible Evidence***. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) ***Materials Not Cited***. The court need consider only the cited materials, but it may consider other materials in the record.

(4) ***Affidavits or Declarations***. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d)** **When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or take discovery; or

(3) issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.**

If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required under Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it; or

(4) issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact - including an item of damages or other relief - that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court - after notice and a reasonable time to respond - may must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

# Local Civil Rule 56.1 Motions for Summary Judgment

**(a) Statement of Material Facts on Motion for Summary Judgment**

(1) **Movant's Statement.** Any motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 shall be supported by a separate statement, in numbered paragraphs, of the materials facts as to which the moving party contends there is no genuine dispute.

(2) **Opposing Statement.** The memorandum opposing a motion for summary judgment shall be supported by a separate statement including a response to each numbered paragraph in the moving party's statement, in correspondingly numbered paragraphs, and if necessary, additional paragraphs containing a statement of additional material facts as to which the opposing party contends there is a genuine dispute. Each numbered paragraph in the moving party's statement of facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement.

(3) **Reply Statement.** When a party opposing summary judgment submits a statement of additional material facts as to which it contends there is a genuine dispute, the moving party may submit a reply statement of additional facts limited to the additional facts referenced in the statement submitted by the party opposing summary judgment.

(4) **Citations**. Each statement by the movant or opponent pursuant to this Local Civil Rule must be followed by citation to evidence that would be admissible, as required by the Federal Rule of Civil Procedure 56(c). Citations shall identify with specificity the relevant page and paragraph or line number of the evidence cited.

(5) **Appendix**. All evidence cited in moving or opposing statements, such as affidavits, relevant deposition testimony, response to discovery requests, or other documents shall be filed as an appendix to the statement of facts prescribed by subsections (1) or (2) and denominated "Plaintiff's/Defendant's Appendix to Local Rule 56.1 Statement of Material Facts."

**(b) Exceptional Cases**. Where a party believes that compliance with this Local Civil Rule will be exceptionally burdensome or is otherwise inappropriate, the party may include a request for modification or exemption from its requirements as part of the Rule 26(f) report to the court.

**(c) Cross-referencing**. Memoranda in support of or in opposition to a motion for summary judgment as required by Local Civil Rule 7.1 or 7.2 may cross-reference or cite to the statement and appendix prescribed by this Local Civil Rule without repeating the contents thereof.