IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:20-CV-45-FL

| | |
|---|---|
| DANIEL FELIX and CHRISTINE HUTTEN, ) ) ) Plaintiffs, ) ) v. ) ) SERVICE INSURANCE COMPANY, ) ) Defendant. ) | ORDER |

This matter comes before the court on the parties' cross-motions for summary judgment and plaintiffs' motion in the alternative for reconsideration (DE 42, 48). The time for briefing has closed, and the issues raised are ripe for ruling. For the reasons that follow, defendant's motion is granted, and plaintiffs' motion is denied.

## STATEMENT OF THE CASE

Plaintiffs, proceeding pro se, commenced this action in Dare County Superior Court on June 5, 2020, asserting they were defrauded by defendant and former-defendant insurance companies and associated individuals by not receiving payment under Dwelling Form Standard Flood Insurance Policy ("SFIP"), a contract written under the National Flood Insurance Program ("NFIP"), all in violation of the National Flood Insurance Act of 1968.[1]

---

[1] The court previously has construed plaintiffs' claim as a breach of contract claim. See Felix v. Occidental Fire & Cas. Co. of NC, No. 2:20-CV-45-FL, 2020 WL 5100689, at *1 n.1 (E.D.N.C. Aug. 28, 2020); see also Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 608 (4th Cir. 2002); Studio Frames Ltd. v. Standard Fire Ins. Co., 369 F.3d 376, 380 (4th Cir. 2004) (finding insured's breach of contract claim under Standard Flood Insurance Policy ("SFIP") cognizable and the basis for federal subject matter jurisdiction); Woodson v. Allstate Ins. Co., 855 F.3d 628, 633 (4th Cir. 2017) (allowing insured's suit for money owed under SFIP as breach of contract claim).

Defendant and former defendants removed the instant action to this court on July 2, 2020, invoking the court's subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1337, as well as the court's original exclusive jurisdiction under 42 U.S.C. § 4072. On August 28, 2020, the court dismissed all defendants except Service Insurance Company, quashed plaintiffs' jury demand, and denied plaintiff's motion for remand. See Felix v. Occidental Fire & Cas. Co. of NC, No. 2:20-CV-45-FL, 2020 WL 5100689, at *4 (E.D.N.C. Aug. 28, 2020).[2]

On September 8, 2020, plaintiffs filed their first motion for summary judgment, which the court denied in scheduling order entered October 9, 2020, on account of procedural and substantive deficiencies. Ten days later, plaintiffs filed additional motions consisting of, inter alia, a renewed motion for summary judgment and request for hearing, which the court construed as a motion for reconsideration of its denial of plaintiffs' first motion for summary judgment. The court, again, denied plaintiffs' motion regarding summary judgment or reconsideration thereof.

Less than a month later, plaintiffs filed the instant third motion for summary judgment or reconsideration. In support, plaintiffs rely upon: 1) a completed Federal Emergency Management Agency ("FEMA") proof-of-loss form; 2) an adjuster's estimate of loss and related documents; 3) estimate of loss form by an entity named "Felix Design"; and 4) copies of plaintiff Daniel Felix's contractor license from the years 2007 through 2013. Defendant responded in opposition, relying upon 1) a news article regarding plaintiff Daniel Felix's activities unrelated to the instant lawsuit; 2) an online petition purportedly by plaintiff Daniel Felix, advocating for the boycott of certain entities; and 3) the 2016 flood insurance policy declarations for plaintiffs' policy with defendant. Plaintiffs replied in support of their motion on January 8, 2021.

---

[2] The court treats defendant's papers filed early in litigation as a general denial of plaintiffs' claims. See Fed. R. Civ. P. 8(b)(3).

Subsequently, on July 16, 2021, defendant filed its motion for summary judgment with reliance upon: 1) declaration of Scott Lapine, a Claims Leader at National Flood Services, which is the third-party vendor that services SFIPs on behalf of defendant; 2) policy declarations for plaintiffs' SFIP with defendant; 3) a copy of the SFIP; 4) various filings from plaintiffs' previous lawsuit in the United States District Court for the Eastern District of North Carolina ("Felix I");[3] 5) the United States Court of Appeals for the Fourth Circuit's judgment on the appeal of final order in Felix I;[4] 6) a reservation-of-rights letter sent to plaintiffs; 7) a "flood closing narrative"; and 8) a copy of defendant's letter denying plaintiffs' claim.

## STATEMENT OF FACTS

The undisputed facts are as follows. Beginning in 2007, plaintiffs purchased flood insurance for their home through the NFIP. (Def.'s Resp. (DE 43) at 5 (referring to documents relied upon in opposition to second motion for summary judgment); 2007 Flood Policy Declarations (DE 37-2) at 1). At the time relevant to this litigation, plaintiffs purchased a renewed SFIP issued by defendant, a then write-your-own ("WYO") carrier providing flood insurance as it was contracted so to do by FEMA, for the period from October 9, 2015, to October 9, 2016. (Pl.'s Third Mot. Summ. J. (DE 42) at 18; 2015 Flood Policy Declarations (DE 51-2) at 1).

Plaintiffs notified defendant in 2017 that they sustained flood damage to their home from Hurricane Matthew in 2016. (Def.'s Stmt. (DE 50) ¶ 3). They submitted a claim under their policy with defendant. (Id.). Defendant paid a portion of plaintiffs' claim for damages based on its, contested, interpretation of the SFIP, detailed in a letter dated July 14, 2017. (Id. ¶¶ 7-11; Pl.'s Third Mot. Summ. J. (DE 42) at 16).

---

[3] Felix v. United States Att'y Gen., No. 2:18-CV-31-BO, 2019 WL 4962579, at *2 (E.D.N.C. Oct. 7, 2019) (hereinafter "Felix I"), aff'd sub nom. Felix v. Serv. Ins. Co., 806 F. App'x 230 (4th Cir. 2020) (per curiam).

[4] Felix, 806 F. App'x at 230.

Subsequently, plaintiffs filed suit in the United States District Court for the Eastern District of North Carolina against a number of defendants for breach of contract to recover $62,389.51 in asserted flood damages, which was eventually dismissed with prejudice for failure to comply with the court's discovery order.  See Felix I, 2019 WL 4962579, at *2.  Plaintiffs continued to dispute the amount owed to them, and the instant suit followed.

**COURT'S DISCUSSION**

A.　　Cross-Motions for Summary Judgment

　　1.　　Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial."  Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue

4

Case 2:20-cv-00045-FL   Document 53   Filed 08/30/21   Page 4 of 9

for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489-90.

2. Analysis of Defendant's Motion for Summary Judgment

Defendant raises three bases for judgment as a matter of law: 1) res judicata; 2) the relevant statute of limitations; 3) and plaintiffs' alleged failure to adhere to the SFIP's prompt notice provisions. The court decides defendant's motion on the basis of res judicata alone, finding that plaintiffs are barred from relitigating, here, claims raised and claims able to be raised in Felix I.[5]

---

[5] Because plaintiffs failed to respond to defendant's motion or otherwise raise the issue, the court does not sua sponte consider whether defendant waived the defenses raised in its motion. See United States v. Metzger, 3 F.3d 756, 757 (4th Cir. 1993) (explaining that certain "acquiescence[s] . . . constitute, in effect, a waiver of the waiver"); see also Brinkley v. Harbour Recreation Club, 180 F.3d 598, 612 (4th Cir. 1999) ("[A]bsent unfair surprise or prejudice to the plaintiff, a defendant's affirmative defense is not waived when it is first raised in a pre-trial dispositive motion."). Further, the court grounds its decision on the legal principle of res judicata, which may be considered sua sponte. See

5

"Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)). For claim preclusion to apply, there must have been "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." Ohio Valley Env't Coal. v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009). And if claim preclusion applies, "then the judgment in the prior action bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002) (quotation omitted).

      a.      Judgement on the Merits

A dismissal of an action "with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to further action between the parties." Harrison v. Edison Bros. Apparel Stores, 924 F.2d 530, 534 (4th Cir. 1991) (quotation omitted). Even where "a prior action was dismissed with prejudice based on [plaintiff's] failure to comply with discovery[,] . . . rather than on the merits of her claims," it meets res judicata's first element. Assa'ad-Faltas v. President of Univ. of S.C., 291 F. App'x 534, 536 (4th Cir. 2008).

Here, the court's previous order in Felix I found that "plaintiffs must be sanctioned for acting in bad faith and failing to comply with a court order" regarding discovery and that the appropriate sanction was "dismiss[al] with prejudice." Felix I, 2019 WL 4962579, at *2. Accordingly, the first element of res judicata is met as plaintiff's prior suit was resolved by a judgment on merits.

---

Clodfelter v. Republic of Sudan, 720 F.3d 199, 208 (4th Cir. 2013).

b. Identity of Parties

Where a party is identical between two suits, claim preclusion's second element is easily met. Ohio Valley Env't Coal., 556 F.3d at 210. Here, defendant is the same entity who moved for dismissal of plaintiffs' prior suit as a sanction for discovery violations, see Felix I, 2019 WL 4962579, at *1, easily meeting res judicata's second requirement of identity of parties.

c. Identity of Claims

This third element does not require "that the plaintiff in the second suit is proceeding on the same legal theory he or his privies advanced in the first suit" but rather requires that "the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." Ohio Valley Env't Coal., 556 F.3d at 210 (quotation omitted); Keith v. Aldridge, 900 F.2d 736, 740 (4th Cir. 1990) ("Consistent with the modern trend, we have adopted a transactional approach to the identity of claims questions—the appropriate inquiry is whether the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." (quotation omitted)). A transaction in this context means a "natural grouping or common nucleus of operative facts" as viewed in light of "their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes." Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999).

Here, the requirement is met. Plaintiffs in Felix I claimed that they were owed "flood damages," purportedly requiring defendants, including instant defendant, to "compensate [p]laintiffs for lost contents," that their home was three floors above the base flood elevation established by FEMA, and that instant defendant had "s[old] fraudulent flood insurance policies and . . . defraud[ed] them out of their insurance claims." (Complaint at 5, Felix I, No. 2:18-CV-31-BO (E.D.N.C. July 10, 2018)). Here, plaintiffs filed claim for "full payment of flood damages

7

to their home . . . [a]nd for [defendant] . . . selling fraudulent flood insurance policies and for defrauding them out of their insurance claims." (Compl. (DE 1-3) at 5). That plaintiffs assert that the prior lawsuit was on the specific "non-elevated v. elevated issue of the claim," (id. at 4 (capitalization omitted)), is no import as it is clear from their allegations that both suits arise from the same common nucleus of operative fact: defendant's alleged failure to honor its insurance policies with plaintiffs after flooding caused by Hurricane Matthew damaged their home. Nor is it of any moment that the amount of damages claimed in each suit differ, as such is irrelevant to the transactional approach to the identity of claims question. Ohio Valley Env't Coal., 556 F.3d at 210. This suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment, and therefore the third element of res judicata is met.

Finding all three elements of res judicata met, the court concludes that the final judgment in Felix I forecloses plaintiffs' attempt at successive litigation of the very same claim in the instant matter. Accordingly, defendant is entitled to judgment as a matter of law on its defense of res judicata.

    3.   Plaintiffs' Third Motion for Summary Judgment or Reconsideration

Res judicata is an affirmative defense, see Fed. R. Civ. P. 8(c)(1); Georgia Pac. Consumer Prod., LP v. Von Drehle Corp., 710 F.3d 527, 533 (4th Cir. 2013), meaning that "if accepted by the court, [it] will defeat an otherwise legitimate claim for relief." Hartford Fire Ins. Co. v. Annapolis Bay Charters, Inc., 69 F. Supp. 2d 756, 762 (D. Md. 1999); see, e.g., Howe v. Brouse, 422 F.2d 347, 348 (8th Cir. 1970) ("[T]he doctrine of res judicata applied and was a complete defense to [plaintiff's] attempt to institute this action . . . ."). Therefore, having concluded that res judicata is a valid defense to plaintiffs' claims, the court need not engage in analysis of the merits

of plaintiffs' claim to relief because even if they have met their burden of proof, defendant's meritorious affirmative defense defeats said claim.[6]

To the extent plaintiffs' motion seeks reconsideration of the court's December 8, 2020, order, they have failed to show relief is merited under Rule 54(c) and the relevant law of the case standard, for many of the same reasons stated in the court's analysis on their motion for reconsideration of the court's October 9, 2020, decision. See Felix v. Serv. Ins. Co., No. 2:20-CV-45-FL, 2020 WL 7232855, at *5 (E.D.N.C. Dec. 8, 2020). See generally Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003); see also TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009) (explicating on the relevant third prong of the law of the case standard).

## CONCLUSION

Based on the foregoing, defendant's motion for summary judgment is GRANTED (DE 48). Plaintiffs' third motion for summary judgment or for reconsideration is DENIED (DE 42). The clerk is DIRECTED to close this case.

SO ORDERED, this the 30th day of August, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[6] In so far as plaintiffs seek an exemption from having to pay for flood insurance in the future, (see Pl.'s Third Mot. Summ. J. (DE 42) at 17), they fail to provide a legal basis for the court to accord them such relief.